OPINION OF THE COURT
PER CURIAM.
Petitioner Mei Yang seeks review of a final order of removal of the Board of Immigration Appeals (“BIA”) denying her motion to reopen her deportation proceedings. We will deny the petition.
I.
Mei Yang is a 28-year-old native and citizen of China, who entered the United States without being admitted or paroled in January 2001. In February 2001, the Immigration and Naturalization Service filed a Notice to Appear and placed Yang in removal proceedings. In turn, Yang filed an application for asylum based upon her political opposition to the Chinese government’s property expropriation policy.
On March 12, 2002, the IJ, after reviewing Yang’s hearing testimony and the evidence of record, denied Yang’s asylum application. The IJ found numerous discrepancies and omissions between Yang’s asylum application, written documents, and her testimony and ultimately concluded that she was not credible. Yang appealed the IJ’s decision and, on January 29, 2003, the BIA affirmed, in part, the IJ’s decision.[1] Yang did not file a petition for review of the BIA’s decision with this Court.
More than four years later, on June 4, 2007, Yang filed with the BIA a motion to reopen and to file a successive asylum application. She asserted that the motion was exempt from the ninety-day time restriction governing motions to reopen because her motion was based on changed country conditions in China and based on facts not previously available to her. Specifically, Yang contended that if she returned to China, she would likely be persecuted as a violator of the one-child rule of the family planning law because enforcement of the law was becoming more frequent in Fujian Province, Yang’s home province. Since her removal hearing in March 2002, Yang had given birth to two children and was pregnant with her third child at the time she filed her motion to reopen.
*828 In support of her motion, Yang relied upon the United States Court of Appeals for the Second Circuit’s decision in Guo v. Gonzales, 463 F.3d 109 (2d Cir.2006). Specifically, Yang argued that “the Second Circuit has taken notice of evidence which confirms that Chinese nationals who have children abroad are nonetheless subject to ordinary enforcement of the one-child rule, including sterilization.” (A.R.28.) In further support of her motion, Yang included the following documents: a 2003 Consular Information Sheet, 2005 and 2006 Annual Reports of the Congressional — Executive Commission on China; the congressional testimony of Dr. John Aird and Harry Wu; Changle City Family Planning Q & A Handbook; 2006 Policy Statement from the Administrative Office of the National Population and Family Planning Committee; a 2007 World Journal excerpt on family planning practices in Fujian Province; a 1997 letter from the Department of Public Security of The People’s Republic of China; newspaper articles on family planning practices in the regions of Linyi and Guangxi.
On January 11, 2008, the BIA ruled that Yang’s motion to reopen was time-barred under 8 C.F.R. § 1003.2(c)(2). The BIA concluded that Yang had not overcome this bar by showing changed country conditions in China as permitted under 8 C.F.R. § 1003.2(c)(3)(h).
II.
Although we have jurisdiction to review the BIA’s order denying Yang’s motion to reopen, see, e.g., Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir.2003), the scope of our review is quite limited. INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Under the regulations, the BIA “has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.” 8 C.F.R. § 1003.2(a). As the Supreme Court has stated, the regulations “plainly disfavor” such motions. INS v. Abudu, 485 U.S. 94, 110, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Accordingly, the Court reviews the BIA’s denial of a motion to reopen for abuse of discretion with “broad deference” to its decision. Ezeagwuna, 325 F.3d at 409. Thus, in order to succeed on the petition for review, Yang must ultimately show that the BIA’s discretionary decision was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir.1994) (quotation omitted). Yang has failed to make such a showing.
III.
Yang does not dispute that she filed an untimely motion to reopen. Instead, she argues that her motion should be considered pursuant to one of the exceptions to the time restriction applicable to such motions. See 8 C.F.R. § 1003.2(c)(2). As mentioned above, the BIA found that there was “insufficient evidence in this case establishing changed circumstances in China,” as required by 8 C.F.R. § 1003.2(e)(3)(ii) in order to avoid application of the time restriction.
Yang argues that the BIA, in denying her untimely motion to reopen, gave only “scant consideration of the proffered previously-unavailable evidence.” (Petitioner’s Brief at 10.) We disagree.
As a preliminary matter, we agree with the Government that Yang’s changed personal circumstance, i.e., the birth of her children, is distinct from changed county conditions.[2] See Liu v. Attorney General, *829 555 F.3d 145, 150-51 (3d Cir.2009); see also Wang v. Board of Immigration Appeals, 437 F.3d 270, 273 (2d Cir.2006). Relief is appropriately denied “where a petitioner is seeking to reopen [her] asylum case due to circumstances entirely of [her] own making after being ordered to leave the United States.” Wang, 437 F.3d at 274.
In addition, Yang unsuccessfully argues that the BIA erred by failing to adequately consider the evidence of changed conditions that she submitted with her motion to reopen. The record reflects that the BIA issued a clear and well-supported decision denying Yang’s claim.
The BIA first determined that Yang’s reliance upon the Second Circuit’s decision in Guo v. Gonzales, was misplaced. It pointed out that the BIA, upon remand in Guo, “ultimately determined that the [alien’s] evidence did not adequately support the reopening of the record.” (A.R.2.) The BIA also noted that Yang’s assertion regarding the case of Yu He Zheng (discussed in the 2006 Policy Statement), similar to its finding in Matter of S-Y-G-, 24 I. & N. Dec. 247, 252 (BIA 2007), did not establish changed circumstances. Furthermore, Yang’s Q & A document stated only that giving birth outside of family planning guidelines “could” result in a fee (as noted in Matter of S-Y-G-) and her proffered 2004 consular sheet and 2005 Congressional report failed to establish that she would be persecuted. The 1997 letter that Yang included with her motion was clearly “previously available” and the 2006 Congressional report indicated that alleged “coercion” of those with several children consisted primarily of fines, which did not constitute “perseeution.” Additionally, the BIA concluded that Harry Wu’s 2004 congressional testimony was unclear and lacked a foundational basis and that recent State Department reports indicating that Chinese children born abroad are “not counted” for birth planning purposes for returnees is more persuasive than the testimonial documents submitted by both Wu and John Aird.
Lastly, the BIA found that the 2007 World Journal excerpt was not only unreliable, but had no relevance to Yang or her locality and that there was insufficient evidence that the articles discussing family planning policies in Linyi and Guangxi had any relevance to Yang’s case. What is more, Yang admitted in her motion to reopen that “China officially does not permit forced abortions and sterilizations and [instead] relies on economic measures.” (Bee A.R. 17.) As a result, the BIA concluded that the evidence was insufficient to establish changed circumstances in China and denied reopening Yang’s case on that basis.
Based upon that analysis, we do not agree with Yang’s assertion that the BIA failed to consider her new evidence or that the evidence does not support the BIA’s conclusion. Indeed, we have remanded where the BIA has “fail[ed] to discuss most of the evidentiary record,” see Zheng v. Att’y Gen., 549 F.3d 260, 269 (3d Cir. 2008). However, the BIA carefully considered Yang’s motion and concluded that she failed to present evidence demonstrating that she will be subject to “arrest, physical mistreatment or the degree of economic sanctions that would rise to the level of persecution” upon her return to China. *830 (A.R.2.) Substantial evidence supports the BIA’s conclusions.
Having found no abuse of discretion on the part of the BIA in denying Yang’s untimely filed motion to reopen, we will deny the petition for review.

. The BIA affirmed the IJ's decision finding Yang's claim lacked credibility and, even if true, failed to establish eligibility for relief. It reversed the IJ's determination that Yang filed a frivolous asylum application. (A.R.142-43.)

. Yang also argues that, according to Guo v. Ashcroft, 386 F.3d 556 (3d Cir.2004), she meets the prima facie standard for reopening merely based upon her change in personal circumstances. (Petitioner's Brief at 13.) She claims that “at a minimum,” her personal circumstances entitle her to have her case heard. (Id.) We disagree. Guo involved a *829 situation entirely different from that of Yang: (1) the alien in Guo submitted a timely motion to reopen, and was not required to establish changed country conditions in China; (2) in Guo, the alien, in contrast to Yang, had the burden to establish a prima facie case demonstrating a reasonable likelihood that she would prevail on the merits; and (3) the BIA in Guo, unlike here, applied the wrong standard.